COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

Anne PICKARD, Respondent.

No. 9373.

United States Court of Appeals
Tenth Circuit.

Oct. 1, 1968.

Grant W. Wiprud, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, and Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., with him on the brief), for petitioner.

Leland E. Fiske, Dallas, Tex., for respondent.

Before MURRAH, Chief Judge, and LEWIS, BREITENSTEIN, HILL, SETH, and HICKEY, Circuit Judges.

SETH, Circuit Judge.

This is a review of a decision of the Tax Court which held that the taxpayer was correct in her position that a lump sum payment received by her for an option to acquire her oil and gas leases was not includable in her income for the year of its receipt.

The record shows that the taxpayer acquired three five-year federal oil and gas leases covering some 6400 acres. She then entered into three agreements, each described as an "option," which gave Pan American Petroleum Corporation the right to acquire the leases within a period of three years. Pan American paid taxpayer the sum of $172,800 for the options. This was paid in 1960 and is the subject of this litigation.

The agreements further provided if the options were exercised, an additional small cash consideration would be paid and taxpayer would also receive five per cent of the value of oil and gas produced and sold from the leases. The options were still in effect and not exercised at the end of 1960.

The taxpayer before the Tax Court took the position that the lump sum paid in 1960 would be ordinary income if the option was not exercised, but if the options were exercised the payment would be capital gain—part of the sales price of

the leases. She urged that until the options were exercised, or expired, the proper tax treatment could not be determined, thus the payment was not includable in her 1960 return.

The commissioner on the other hand argued that the payment would be ordinary income in either event because if the option were exercised the sum would be a bonus for a lease or sublease. Thus he urged that the payment should have been reported since no capital transaction could ensue.

Thus the issue presented on this appeal is determined by whether or not the option if exercised would result in an economic interest being retained in the taxpayer and thus be placed in the sale category or lease category.

It would not seem necessary to discuss the origin of the concept of an "economic interest" in Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489, nor its subsequent development, as there is an abundance of authorities and literature on the subject. The taxpayer here, in the event the option was exercised, and this is the only event that need be examined, was to receive ten dollars an acre and a royalty of five per cent. As to the retained interest, she looked solely and directly to production to make it of any value. This test was discussed by the Supreme Court at some length in Burton-Sutton Oil Co. v. Comm'r, 328 U.S. 25, 66 S.Ct. 861, 90 L.Ed. 1062, and Helvering v. Bankline Oil Co., 303 U.S. 362, 58 S.Ct. 616, 82 L.Ed. 897. The retained "economic interest" of taxpayer identifies the proceeds she received as subject to depletion and has come to identify them as being taxable as ordinary income. See our recent opinion in United States v. White, 401 F.2d 610, Tenth Circuit.

It would appear that the Tax Court in its consideration of the facts placed much emphasis upon the absence of any undertaking by Pan American to develop the properties. The Tax Court cites Helvering v. Elbe Oil Land Development Co., 303 U.S. 372, 58 S.Ct. 621, 82 L.Ed. 904, that this absence of such an obligation indicates that an outright sale took place. We do not so construe Elbe as so holding. The Supreme Court in Burton-Sutton appears to have limited Elbe to its particular facts, as did Comm'r v. Southwest Exploration Co., 350 U.S. 308, 76 S.Ct. 395, 100 L.Ed. 347. Burton-Sutton did not create any exception to the economic interest rule dependent upon the presence of an agreement to develop. See United States v. White, supra.

The transaction before us is well within the typical "economic interest" rule and is one which could not have led to any tax result other than ordinary income. Hence the lump sum payment for the options should have been included in the taxpayer's 1960 return.

The issue relating to a "finder's fee" paid by the taxpayer to a third party is not fully developed in the record before us, and it should be further considered by the Tax Court in view of our opinion.

Reversed and remanded for such further proceedings as the Tax Court considers necessary.